**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DONALD JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 26-223** |
| **LAFOURCHE PARISH CORRECTIONAL CENTER, ET AL.** | **SECTION: "P"(5)** |

**PARTIAL REPORT AND RECOMMENDATION**

Plaintiff filed this lawsuit under 42 U.S.C. § 1983 on January 29, 2026, correcting his deficient Complaint on February 20, 2026.  (Rec. docs. 1, 4).  Essentially, Plaintiff complains that he is not receiving adequate medical care at the Lafourche Parish Correctional Center.  (Rec. doc. 4 at 5).  He maintains that he is vision impaired and has kidney disease and is "being neglected for medical treatment."  (*Id.*).  Plaintiff sues nine Defendants, all of whom have appeared and filed motions to dismiss except for Defendants the Lafourche Parish Government and the Lafourche Parish Correctional Center.

Turning to these two specific Defendants named by Plaintiff, Defendant, the Parish of Lafourche, is a local governing body that is considered to be a "person" within the meaning of Section 1983.  *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694-95 (1978).  However, a governmental body like Lafourche Parish may be held liable under Section 1983 only when the execution of an unconstitutional policy or custom proximately causes a plaintiff's injuries.  *Id.*; *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009) (quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007)).  "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a government entity.'"  *Id.* (quoting *Colle v. Brazos Cnty., Tex.*, 982 F.2d 237, 245 (5th Cir. 1993)).  Rather, the plaintiff " . . . must identify the policy or custom which allegedly caused

the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003) and *Treece v. La.*, 74 F. App'x 315, 316 (5th Cir. 2003)).  As Plaintiff does not allege that the purported deprivation of his Constitutional rights resulted from a policy or custom, much less identify any such policy or custom, any Section 1983 claim against the Lafourche Parish Government should be dismissed as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).  *Authement v. Par. of Terrebonne*, No. 09-CV-4618, 2010 WL 1930943 at *6 (E.D. La. Mar. 19, 2010).

And clearly, the Lafourche Parish Detention Center is an improper Defendant.  A detention center is merely a building, not a "person" subject to suit under 42 U.S.C. § 1983. *Easter v. LaFourche Par. Sheriff's Off.*, No. Civ. A. 13-5797, 2014 WL 3687239, at *3 (E.D. La. July 23, 2014); *Davis v. St. Charles Par. Corr. Ctr.*, Civ. A. No. 10-98, 2010 WL 890980, at *3 (E.D. La. Mar. 8, 2010); *Dorsey v. Nelson Coleman Corr.*, Civ. A. No. 09-7673, 2010 WL 677742, at *2 (E.D. La. Feb. 24, 2010); *Joseph v. Nelson Coleman Corr. Ctr.*, Civ. A. No. 0-7670, 2010 WL 55447, at *2 (E.D. La. Jan. 7, 2010); *Castillo v. Blanco*, Civ. A. No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007).  Accordingly,

**IT IS RECOMMENDED** that Plaintiff's federal civil rights claims against Defendants the Lafourche Parish Government and the Lafourche Parish Detention Center be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 15th day of May , 2026.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

3